# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**JOSEPH PETRALIA,**

      **Plaintiff,**

**v.**                                    **Case No: 5:13-cv-91-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

      **Defendant.**

_____

# ORDER

This matter is before the Court on Plaintiff's Complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits under the Social Security Act.  On February 26, 2014, the Court heard oral argument.

Having considered the memoranda of the parties (Docs. 33 & 35) and having heard oral argument, the Court concludes for the reasons set forth in the attached Findings, which are incorporated by reference, that the ALJ's decision should be reversed and remanded. Accordingly, it is hereby

ORDERED

1.  Pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner's final decision in this case is **REVERSED** and **REMANDED** for additional proceedings consistent with this Court's decision.

2.  The Clerk is hereby directed to enter judgment accordingly and to close the file.

**DONE and ORDERED** in Ocala, Florida on February 26, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Counsel of Record

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Douglas Walker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224

1              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF FLORIDA
2                      OCALA DIVISION

3             Case No. 5:13-cv-91-Oc-PRL

4              Wednesday, February 26, 2014
                     Ocala, Florida
5

6  JOSEPH PETRALIA,

7          Plaintiff,

8  vs.

9  COMMISSIONER OF SOCIAL SECURITY,

10          Defendant.

11  _____/

12

13

14

15        TRANSCRIPT OF EXCERPT FROM ORAL ARGUMENT
        BEFORE THE HONORABLE PHILIP R. LAMMENS,
16          UNITED STATES MAGISTRATE JUDGE

17

18

19

20  Appearances of Counsel:

21      For the Plaintiff:        Ms. Sarah Harriet Bohr
                                Mr. Leon Menas Boyajan
22                                (Appearing via telephone)

23      For the Defendant:        Mr. John F. Rudy, III
                                (Appearing via telephone)
24

25  Reported by:        Dennis Miracle, Court Reporter

1                    P R O C E E D I N G S

2    * * * * * * * * * * * * * * * * * * * * * * * * * *

3           **THE COURT:**  All right.  Thank you.

4           The parties are familiar with the standard of

5    review in this case.  It is the plaintiff's burden

6    to establish a disability.

7           The Commissioner's findings of fact are

8    conclusive if supported by substantial evidence.

9    It is important to remember that where the

10   Commissioner's decision is supported by substantial

11   evidence, the District Court will affirm even if

12   the reviewer would have reached a contrary result

13   as finder of fact and even if the reviewer's --

14   even if the reviewer finds that the evidence

15   preponderates against the Commissioner's decision.

16          The plaintiff does have the burden of

17   establishing a disability, and it is the claimant's

18   burden to prove his or her residual functional

19   capacity.

20          I think the biggest problem you have in this

21   case is that the medical evidence from a state

22   agency physician in March of 2009, closest to the

23   time the plaintiff begins treatment at The Centers

24   but just before the plaintiff begins treatment at

25   The Centers, supports moderate difficulties in

1      social functioning and moderate difficulties in

2      maintaining concentration, persistence of pace,

3      difficulties with dealing with instructions,

4      maintaining attention and concentration, getting

5      along with co-workers or peers in a way that you

6      could perform your job.

7           The problem is that the plaintiff then begins

8      treatment at The Centers, and his symptoms only

9      appear to get worse.  And as the plaintiff points

10     out, for then over one year the plaintiff's

11     symptoms are at a minimum what one would probably

12     describe as moderate limitations, and yet on

13     remand, despite all of that, the ALJ actually finds

14     that the plaintiff's limitations are simply mild.

15          Indeed, the ALJ says that the plaintiff can

16     make work-related decisions and respond

17     appropriately to supervisors, co-workers and

18     situations dealing with changes in a routine work

19     setting.

20          Given the findings of the state agency

21     physician in March of 2009 and given the treatment

22     records of The Centers for, again, over a year, I

23     don't think it can be said fairly that substantial

24     evidence supports that finding in the RFC.

25          And because it is not my job to reweigh the

1    evidence but simply to look and see if substantial

2    evidence supports the ALJ's findings, I can't say

3    whether or not that error would change anything for

4    this plaintiff; that is to say, some error is

5    excusable, but I'm not sure that the error in this

6    case is.

7         Accordingly, I do reverse the decision of the

8    Commissioner and find that the ALJ did not

9    articulate good cause or furnish substantial

10    evidence for his RFC findings.  Therefore, the

11    ALJ's decision will be reversed.

12         I will not discuss the remaining arguments

13    because there is no need to, given the reversal on

14    this first issue.

15         The Court reverses the Commissioner's decision

16    and remands this case under Sentence 4 of 404 --

17    405(g) for additional proceedings consistent with

18    this Court's decision.

19         If the plaintiff ultimately prevails in the

20    case on remand, then any motion for attorney's fees

21    under 42 U.S.C. 406(b) must be filed within 30 days

22    after his lawyer receives a letter from the

23    Commissioner setting forth the amount of past due

24    benefits and the amount of the fee set aside for

25    attorney's fees.

1          Upon receipt of this letter from the

2     Commissioner, counsel for plaintiff shall send or

3     email notice to the government's attorney and the

4     OGC lawyer assigned to the case so that they can

5     calendar the deadline.

6          Is there anything else to take up from the

7     government, Mr. Rudy?

8          **MR. RUDY:**  No, Your Honor.  Thank you very

9     much.

10         **THE COURT:**  From the plaintiff, Ms. Bohr?

11         **MS. BOHR:**  No, Your Honor.

12         **THE COURT:**  All right.  Then we'll be

13    adjourned.  Thank you.

14         **MR. RUDY:**  Thank you all.

15         (Thereupon, the proceedings in this case for

16    this date were concluded at this time.)

17

18

19

20

21

22

23

24

25

1

**C E R T I F I C A T E**

2

    I hereby certify that the foregoing is an

3

accurate transcription of the proceedings in the

4

above-entitled matter.

5

6

7

/s/Dennis Miracle            February 26, 2014

    Dennis Miracle                  Date

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25